Stone, J.
The motion to dismiss the appeal was properly overruled. The record certified by the clerk of the Common Pleas to the District Court, shows that the bond given by the plaintiff below to perfect her appeal was given within the time limited by law; that it was approved and filed by the clerk, and indorsed by him filed, with the date of filing. The date at which the entry of approval was made, does not, it is true, expressly appear; nor is it essential it should. If the law required such entry to be *532 made as evidence of the fact of approval, nothing appearing in the record to the contrary, the strong, if not the conclusive presumption would be, that it was made when the bond was received and filed by the clerk. The statute, however, does not require the approval to be thus evidenced; and hence the time when such entry was made, or whether made at all or not, can have no controlling importance.
The clerk, in his testimony, evidently refers to the written entry as the fact of approval. That, according to his testimony, he did not make until after the time allowed by law for filing an acceptable bond had elapsed. He had, however, thirty days before, as he admits, and as the record shows, received and filed the bond, and had at the same time indorsed upon it the fact and the date of filing. These were official acts which the law required him to perform in case he approved the surety, but which, without such approval, were done wrongfully, and in violation of his duty. Treating them as properly done, they are carried into the record, and the case is thereupon certified to the District Court as regularly appealed.
If, in this condition of the record, it was competent to show, aliunde, the time when the bond was, in fact, approved, we think the District Court did not err in coming to the conclusion that it was filed and approved within the time limited by law ; and in that case.the authority of the court to permit a new bond to be filed, in case the one first filed was found to be defective, or the surety, for any reason, insufficient, is unquestioned.
2. The questions made in relation to the competency of Mrs. Chadwick as a witness, and to her competency to give the testimony she did, involve a construction of section 311 of the code, as amended by the act of February 16, 1866. 08 Ohio L. 17. So much of this section as pertains to the present inquiry reads as follows :
“ The following persons shall be incompetent to testify: 1. Persons who are of unsound mind at the time of their production for examination. 2. Children under ten years *533 of age. ... 3. Husband and wife, for or against each other or concerning any communications made by one to the other during coverture, whether called as a witness while that relation subsists or afterward, except in actions where the wife, were she a feme sole, would be plaintiff or defendant, in which action the wife may testify, either the husband or wife may testify, but not both.”
This section contains two inhibitions with respect to persons holding the relation of husband and wife: 1. Neither can testify for or against the other. 2. Neither can testify concerning any communications made by one to the other during coverture. Thefirst goes to the competency of persons holding that relation, in certain cases, to be witnesses at all. The second does not preclude them from being witnesses in any case, but renders them incompetent to give testimony upon a particular subject, and with respect to that is of general application.
The exception which immediately follows, relates wholly to the competency of persons thus related to testify and not to the subject matter of their testimony. The effect of this exception, therefore, is to limit the first clause, which prohibits husband and wife from testifying for or against each other, and prevent it from operating in the class of cases therein specified; while it has no relation to, and does not affect the succeeding clause, which prohibits persons thus related from testifying concerning communications made by one to the other during coverture.
This exception, it should be noticed, was first introduced by the amendatory act of February 14, 1859, 56 Ohio Laws, 21; and was retained in the same connection in the act of February 16, 1866, above referred to. The section of the code thus amended, in its original form, precluded husband and wife from testifying in'any case for or against each other; while, at the same time, section 310 provided that no person should be disqualified as a witness in any civil action by reason of his interest in the same, as a party or otherwise.
In this condition of the law in most, if not all actions of *534 the class referred to in the exception, while the opposite party conld be a witness, both the husband and wife were precluded from testifying. To remedy this evil, and place the parties to such actions upon more equal terms, was the evident object of the amendment.
The action in the court below was one of the character mentioned in the exception.
The plaintiff in that court claimed to be the owner of the shares of stock in controversy, and she was prosecuting her suit, by her next friend, to establish her right. The case was one where, had she been a feme sole, she would necessarily have sued alone. She was, therefore, a competent witness in the ease, and the objection taken to her examination as such was properly overruled. But she was not competent to testify to communications between herself and her husband; and nearly all of her testimony was of that character. Most of it was given without objection, hut the part given after she came upon the stand the second time, was objected to, and the objection was overruled. Ve think the testimony then given was material, and that in admitting it, against the objection of defendant below, the court erred; and for this cause the judgment must be reversed.
Judgment reversed, and cause remanded.